**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CHRISTMAS TREE SHOPS, LLC, et al.,<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10576 (TMH)<br><br>(Jointly Administered) |
| GEORGE L. MILLER, in his capacity as Chapter 7 Trustee of CHRISTMAS TREE SHOPS, LLC *et al.*,<br><br>Plaintiff,<br><br>vs.<br><br>SIRIUS COMPUTER SOLUTIONS, LLC,<br><br>Defendant. | Adv. Proc. No. 25-50864 (TMH)<br><br>Related to Adv. D.I. 3 |

**ANSWER WITH AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 & 550**

Defendant, Sirius Computer Solutions, LLC ("Defendant"), by its attorneys, for its Answer with Affirmative Defenses to the First Amended Complaint filed by Plaintiff, George L. Miller, in his capacity as chapter 7 trustee of Christmas Tree Shops, LLC, et al., ("Plaintiff"), for the estates of the above-captioned debtors (the "Debtors"), states as follows:

**BACKGROUND**

1. On May 5, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). These cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

**ANSWER:** Defendant admits the allegations of Paragraph One (1).

2. On August 16, 2023, the Court entered an order converting the Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code, effective as of August 16, 2023 (the "Conversion Date") [Docket No. 545].

**ANSWER:** Defendant admits the allegations of Paragraph Two (2).

**THE PARTIES**

3. On August 16, 2023, the Office of the United States Trustee appointed George L. Miller as the chapter 7 trustee in these cases [Docket No. 546]. The Bankruptcy Code authorizes the Trustee to pursue and prosecute avoidance actions on behalf of the Debtors' estates.

**ANSWER:** Defendant admits the allegations of Paragraph Three (3).

4. Defendant Sirius Computer Solutions, LLC is a business entity formed under the laws of the State of Texas with its principal office address at 10100 Reunion Pl., Ste 500, San Antonio, TX 78216-9599.

**ANSWER:** Defendant denies the allegations of Paragraph Four (4).

**JURISDICTION AND VENUE**

5. The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has jurisdiction over this adversary proceeding under the Bankruptcy Code pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012.

**ANSWER:** Defendant admits the allegations of Paragraph Five (5).

6. This proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b) and the Bankruptcy Court may enter final orders for the matters contained herein.

**ANSWER:** Defendant admits the allegations of Paragraph Six (6).

7. Pursuant to Local Bankruptcy Rule 7008-1, the Plaintiff affirms his consent to the entry of final orders or judgments by the Bankruptcy Court if it is determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**ANSWER:** Defendant lacks knowledge sufficient to admit or deny the allegations of Paragraph Seven (7) and therefore denies them. Defendant provides the following statement pursuant to Rules 7012-1 and 9013-1(f) of the Local Bankruptcy Rules for the District of Delaware: Defendant does not consent to this Court's entry of final orders or judgments.

8. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

**ANSWER:** Defendant admits the allegations of Paragraph Eight (8).

**BASIS FOR RELIEF REQUESTED**

9. This adversary proceeding is initiated pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and sections 547 and 550 of the Bankruptcy Code, to avoid and recover certain avoidable transfers that were made by the Debtors to the Defendant 90 days prior to the Petition Date.

**ANSWER:** Defendant admits the allegations of Paragraph Nine (9).

**FACTS**

10. Prior to the Conversion Date, the Debtors operated a chain of brick-and-mortar home goods retail stores that specialized in the sale of year-round seasonal goods at value pricing. The Debtors' stores offered a variety of products including home décor, bed and bath products, kitchen and dining products, furniture, food, and seasonal products.

**ANSWER:** Defendant lacks knowledge sufficient to admit or deny the allegations of Paragraph Ten (10) and therefore denies them.

11. A description of the Debtors and their business, and the facts and circumstances surrounding the Chapter 11 Cases, are set forth in greater detail in the *Declaration of Marc Salkovitz, Executive Chairman, in Support of First Day Relief* [Docket No. 12] and the

*Supplemental Declaration of Marc Salkovitz, Executive Chairman, in Support of First Day Relief* [Docket No. 23] (together, the "First Day Affidavit").

**ANSWER:** Defendant admits that Docket No. 12 and Docket No. 23 include descriptions of the Debtors and their businesses and the reasons for the Chapter 11 filing and denies the remaining allegations of Paragraph Eleven (11).

12. Prior to the Petition Date, the Debtors made certain payments to Defendant for goods and/or services provided to the Debtors pursuant to invoices or statements submitted by Defendant to the Debtors, including but not limited to the transactions between the parties identified on Exhibit A attached hereto.

**ANSWER:** Defendant admits the allegations of Paragraph Twelve (12).

13. During the ninety (90) days prior to the Petition Date, the Debtors made payments to or for the benefit of the Defendant, including those identified on Exhibit A attached hereto (collectively, the "Transfers"). Exhibit A sets forth the details of each of the Transfers, including the identity of the transferor Debtor, payment date, and payment amount. The aggregate amount of the Transfers is not less than $143,669.81.

**ANSWER:** Defendant admits the allegations of Paragraph Thirteen (13).

14. Although it is possible that some Transfers might be subject in whole or in part to defenses under 11 U.S.C. § 547(c), Defendant bears the burden of proof pursuant to 11 U.S.C. § 547(g) to establish any defense(s) under 11 U.S.C. § 547(c).

**ANSWER:** Defendant states that Paragraph Fourteen (14) is a legal conclusion and denies the allegations of Paragraph Fourteen (14) to the extent they do not accurately state the law.

**FIRST CLAIM FOR RELIEF**
**(Avoidance of Preferential Transfers—11 U.S.C. § 547)**

15. Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

**ANSWER:** Defendant restates and repeats its responses to each preceding paragraph as its response to Paragraph Fifteen (15).

16. Within the ninety days prior to the Petition Date, the Debtors made the Transfers to Defendant in the total amount of $143,669.81, as more specifically described in Exhibit A.

**ANSWER:** Defendant admits the allegations of Paragraph Sixteen (16).

17. Each of the Transfers to the Defendant was a transfer of property of the Debtors.

**ANSWER:** Defendant admits the allegations of Paragraph Seventeen (17).

18. Each of the Transfers to the Defendant was made to or for the benefit of the Defendant.

**ANSWER:** Defendant admits the allegations of Paragraph Eighteen (18).

19. The Defendant was a creditor of the Debtors (within the meaning of 11 U.S.C. § 110(10)) at the time each of the Transfers was made or, alternately, received the Transfers for the benefit of a creditor or creditors of the Debtors.

**ANSWER:** Defendant admits the allegations of Paragraph Nineteen (19).

20. Each of the Transfers to the Defendant was made on account of an antecedent debt owed by the Debtors to the Defendant before the Transfer was made.

**ANSWER:** Defendant admits the allegations of Paragraph Twenty (20).

21. Each of the Transfers was made while the Debtors were insolvent. The Debtors are presumed to be insolvent during the 90 days preceding the Petition Date pursuant to 11 U.S.C. § 547(f).

**ANSWER:** Defendant denies the allegations of Paragraph Twenty-One (21).

22. Each of the Transfers enabled the Defendant to receive more than the Defendant would have received if (i) the transfers and/or payments had not been made, and (ii) the Defendant

received payment on account of the debt paid by each of the Transfers to the extent provided by the Bankruptcy Code.

**ANSWER:** Defendant denies the allegations of Paragraph Twenty-Two (22).

23. As of the date hereof, the Defendant has not returned any of the Transfers to the Plaintiff.

**ANSWER:** Defendant admits the allegations of Paragraph Twenty-Three (23), and further states that it does not have any obligation, legal or otherwise, to return any payments to the Plaintiff.

24. The Plaintiff is entitled to an order and judgment under 11 U.S.C. § 547 that the Transfers are avoided.

**ANSWER:** Defendant denies the allegations of Paragraph Twenty-Four (24).

## SECOND CLAIM FOR RELIEF
**(For Recovery of Property -- 11 U.S.C. § 550)**

25. Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

**ANSWER:** Defendant restates and repeats its responses to each preceding paragraph as its response to Paragraph Twenty-Five (25).

26. As the Defendant is the initial, immediate, or mediate transferee of the Transfers, the Plaintiff is entitled to recover for the estate the proceeds or value of the Transfers under section 550 of the Bankruptcy Code.

**ANSWER:** Defendant denies the allegations of Paragraph Twenty-Six (26).

27. As alleged above, Plaintiff is entitled to avoid the Transfers under 11 U.S.C. § 547. As Defendant is the initial, immediate, or mediate transferee of the Transfers, Plaintiff is entitled to receive for the Estate the proceeds or value of the Transfers under 11 U.S.C. § 550.

**ANSWER:** Defendant denies the allegations of Paragraph Twenty-Seven (27).

**AFFIRMATIVE DEFENSES**

Defendant, Sirius Computer Solutions, LLC, for its Affirmative Defenses to the First Amended Complaint, states as follows:

1. The payment of $32,781.79 on Exhibit A to the Complaint was in payment of a debt incurred by the Debtor in the ordinary course of the business or financial affairs of the Debtor and the Defendant, and that transfer was made in the ordinary course of the business or financial affairs of the Debtor and the Defendant.

2. The payments on Exhibit A to the Complaint were in payment of debts incurred by the Debtor in the ordinary course of the business or financial affairs of the Debtor and the Defendant, and those transfers were made according to ordinary business terms.

WHEREFORE, Defendant, Sirius Computer Solutions, LLC, denies that it is liable to Plaintiff for the amount demanded, or any amount, and requests judgment in its favor against Plaintiff plus costs.

December 22, 2025

**SAUL EWING LLP**

By: */s/ Lucian B. Murley*
Lucian B. Murley (DE Bar No. 4892)
Nicholas Smargiassi (DE Bar No. 7265)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6898
Email: luke.murley@saul.com

-and-

George P. Apostolides
161 N. Clark Street, Suite 4200
Chicago, IL 60601
Telephone: (312) 876-7102
Email: George.apostolides@saul.com

*Counsel to Sirius Computer Solutions, LLC*